O'KEEFE LAW, PLLC
PATRICK WILLIAM O'KEEFE
3893 Okemos Rd. • Suite B1 • Okemos, MI 48864 • www.okeefelaw.net
Phone (517) 253-0114 • Fax (517) 253-0121 • patrick@okeefelaw.net

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff

v

MICHAEL ALAN NUYEN,
Defendant

Case No. 1:19-cr-57

Hon. ROBERT J. JONKER
Chief United States District Judge

Alexis M. Sanford (P68733)
Attorney for Plaintiff
Assistant United States Attorney
330 Ionia NW, Suite 501
Grand Rapids, MI 49503
(616) 808-2016

Patrick William O'Keefe (P59324)
Attorney for Defendant
O'Keefe Law, PLLC
3893 Okemos Rd. Ste B1
Okemos, MI 48864
(517) 253-0114
patrick@okeefelaw.net

## DEFENDANT MICHAEL NUYEN'S SENTENCING MEMORANDUM

## INTRODUCTION

Addiction is a terrible illness. It mars the lives of the addict as well as the addict's family. The Defendant has most certainly encountered his struggles with addiction. That addiction comprises the core of this criminal case. Defendant's fiancé and former codefendant, Laura Mario, died shortly after she was indicted. She was also a drug addict. Ms. Mario had to have a pacemaker put into her heart. That pacemaker worked for a while, but ultimately caused a nasty infection, which led to her death. She was in her thirties.

The evidence presented by the government paints Mr. Nuyen as a calloused drug dealer, driven by a desire to run an illicit business, presumably for profit. But his own addiction is the driving force behind these offenses. It is defense counsel's

O'KEEFE LAW, PLLC
PATRICK WILLIAM O'KEEFE
3893 Okemos Rd. • Suite B1 • Okemos, MI 48864 • www.okeefelaw.net
Phone (517) 253-0114 • Fax (517) 253-0121 • patrick@okeefelaw.net

sincere hope that this Court will look deeper into Mr. Nuyen's past, and see that at the tail end of Ms. Mario's short life was a couple who was struggling financially, emotionally, and spiritually due to the pernicious hold that drugs took on them and their families. Mr. Nuyen is loved greatly by his mother, brother, son, and friends. He recognizes that he must be incarcerated for a significant period of time, but he prays that the court will recognize that his possession of a couple ounces of methamphetamine—worth approximately $500—is not the crime of the century.

**DEFENDANT'S REQUEST FOR SUBSTANTIAL ASSISTANCE REDUCTION**

The Defendant argues that § 5K1.1 does not confer on prosecutors absolute discretion to file or refuse to file a substantial assistance motion. In *Wade v. U.S.*, 504 U.S. 181, 112 S.Ct. 1840, 118 L. Ed. 2d 524 (1992), the defendant pled guilty to narcotics offenses and provided information to the government that led to the arrest of another drug dealer. The government nonetheless refused to make a substantial assistance motion. The district court held it had no power to depart in the absence of a government motion and imposed the statutory minimum mandatory sentence. Because Wade's situation involved both a minimum mandatory sentence and a sentence within the applicable sentencing guidelines range, his request for a sentence reduction implicated both 18 U.S.C. § 3553(e) and guidelines § 5K1.1. *Wade v. U.S.*, 504 U.S. at 184. The court wrote that in both § 3553(e) and § 5K1.1, the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when the defendant has substantially assisted. *Wade v. U.S.*, 504 U.S. at 185.

Under Wade, the burden is on the defendant to show an improper motive for refusal to file a substantial assistance motion. *U.S. v. Egan*, 966 F.2d 328 (7th Cir.

O'KEEFE LAW, PLLC
PATRICK WILLIAM O'KEEFE
3893 Okemos Rd. • Suite B1 • Okemos, MI 48864 • www.okeefelaw.net
Phone (517) 253-0114 • Fax (517) 253-0121 • patrick@okeefelaw.net

1992). There is no need for an evidentiary hearing solely to document the defendant's assistance if the defendant fails to make a "substantial threshold showing" of an improper motive. *U.S. v. Wallace*, 22 F.3d 84 (4th Cir. 1994). Two circuits have concluded that a desire to penalize the cooperating defendant for exercising his right to a trial is a constitutionally impermissible motive for a government refusal to file. *U.S. v. Pamperin*, 456 F.3d 822, 825 (8th Cir. 2006); *U.S. v. Stockdall*, 45 F.3d 1257, 1261 (8th Cir. 1995).

The defendant in this matter agreed to do a proffer interview with the Plaintiff's attorney and with the lead investigator from the Kalamazoo Valley Enforcement Team. The proffer interview took place on September 17, 2019. His interview lasted approximately one hour. He gave useful information and the government was able to make a case on at least one of those people. It is believed that person is currently lodged at the Newaygo County Jail on a federal charge. After the proffer interview, the government had indicated that Defendant's proffer really did not "move the needle" much in terms of their ability to use that information. Defense counsel was not Defendant's first attorney. Defense counsel successfully convinced defendant to submit to a proffer interview approximately one month before his trial was to commence. Despite giving law enforcement useful information, Defendant was given nothing for it. Part of the problem was that he had been sitting in jail for 10 months, which means some of the information he provided was stale. However, it is difficult to imagine that someone in Defendant's position would not have useful information, especially where there are drug dealers who operate under the same modus operandi for years before they are discovered by law enforcement or implicated by other offenders.

O'KEEFE LAW, PLLC
PATRICK WILLIAM O'KEEFE
3893 Okemos Rd. • Suite B1 • Okemos, MI 48864 • www.okeefelaw.net
Phone (517) 253-0114 • Fax (517) 253-0121 • patrick@okeefelaw.net

The government has a monopoly on substantial assistance motions. The Defendant prays this Court will be receptive to his challenge to this government monopoly and their cavalier interpretation of Defendant's lack of substantial assistance.

In *Wade v. U.S.*, a case in which there was no plea agreement, the Supreme Court held that **courts can review a prosecutor's refusal to file a substantial assistance motion if the Defendant makes a substantial threshold showing of "unconstitutional motive" or of a prosecutorial choice not rationally related to legitimate government objectives.** (Emphasis added). *Wade v. U.S.*, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 118 L. Ed 2d 524 (1992).

Defendant requests this Court review the prosecutor's refusal to file a substantial assistance motion. Defendant asserts that the government knew when he submitted to a proffer interview he had been incarcerated for 10 months. But that does not mean all information he had to offer was not useful. If the Government believed his information was going to be stale, it should not have agreed to conduct a proffer interview. The Government may also have used this opportunity to get the Defendant to provide another confession in order to prevent him from taking the witness stand, a violation of his 5th Amendment. If the Court is not satisfied that a constitutional violation occurred, then the Court should look at whether the prosecutor's choice not to move for a substantial assistance lowering was unrelated to legitimate government objectives.

Defendant refused to plead guilty early in the case. His proffer came some 10 months after he was incarcerated for the instant offenses. Defendant asks this Court to consider the possibility that the prosecutor's choice not to ask for a reduction was not rationally related to legitimate government objectives. Thus, the Government may have

O'KEEFE LAW, PLLC
PATRICK WILLIAM O'KEEFE
3893 Okemos Rd. • Suite B1 • Okemos, MI 48864 • www.okeefelaw.net
Phone (517) 253-0114 • Fax (517) 253-0121 • patrick@okeefelaw.net

sought to run up the score on Defendant, knowing he had admitted to criminal conduct when interviewed by the lead Task Force Officer (TFO).

One of the key issues in this case is whether Defendant deserves to serve two consecutive, minimum mandatory sentences, for his refusal to proffer until a month before his trial. But as the saying goes, "It is better late, than never." Defendant may have been late coming to the table, but he came to the table expecting the Government to act in good faith in evaluating his level of assistance.

Undersigned counsel was appointed late in the game, after Defendant had been in custody for approximately 7 months. If previous counsel mismanaged Defendant's cooperative relationship with the government, it may amount to ineffective assistance of counsel in violation of the Sixth Amendment. Undersigned counsel was appointed by this Court on September 4, 2019. Less than two weeks later, undersigned counsel had Defendant sitting down at the table for a proffer. Defendant seemed to be under the mistaken impression that one of the Government's cooperating witnesses, Charles Vogel, would be available for cross examination. Defendant also seemed to be under the mistaken impression that the death of his fiancé and former codefendant, Laura Mario, could have a positive effect on his desired outcome of the case. With the admissibility of statements by conspirators under FRE 801, he seemed to be confused about the level of importance that would have on the outcome of the trial. The Ninth Circuit has ruled that the Sixth Amendment right to effective assistance of counsel attaches during the process of negotiating a plea agreement and, in a case of first impression, during the subsequent phase of attempting to prove substantial assistance. *U.S. v. Griess*, 971 F.2d 1368 (8th Cir. 1992).

O'KEEFE LAW, PLLC
PATRICK WILLIAM O'KEEFE
3893 Okemos Rd. • Suite B1 • Okemos, MI 48864 • www.okeefelaw.net
Phone (517) 253-0114 • Fax (517) 253-0121 • patrick@okeefelaw.net

## DEFENDANT'S REQUEST FOR DOWNWARD VARIANCE AND CONSIDERATION OF 18 U.S.C. § 3553 FACTORS

The salient issue in this case is whether Defendant's guideline range accurately reflects where he ought to be sentenced. Therefore, we turn to the factors set forth by 18 USC §3553(a) to be considered when fashioning an appropriate sentence.

**§3553. Imposition of a sentence**

(a) Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) **the nature and circumstances of the offense and the history and characteristics of the defendant**;

(2) the need for the sentence imposed—

(A) **to reflect the seriousness of the offense**, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) **to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**.

***Nature and Circumstances***

O'KEEFE LAW, PLLC
PATRICK WILLIAM O'KEEFE
3893 Okemos Rd. • Suite B1 • Okemos, MI 48864 • www.okeefelaw.net
Phone (517) 253-0114 • Fax (517) 253-0121 • patrick@okeefelaw.net

First, the nature and circumstances of the offense and the history and characteristics of the defendant justify a departure. Defendant's life has been marked by addiction. The Government seeks to incarcerate him for a minimum mandatory term of 10 years for between 2-3 ounces of methamphetamine, which was worth approximately $500. Ten years is too long for someone who has three ounces of methamphetamine. Therefore, due to the nature and circumstances of the offense, Defendant is requesting a downward variance.

***Seriousness of the Offense***

On paper, the offenses themselves are serious. Defense counsel does not seek to minimize Defendant's criminal behavior. But one-tenth of a kilogram is hardly "big dealer" weight. Additionally, Defendant was not living high on the hog. If you look at photos of his residence, which he shared with his mother, it was modestly furnished and run-down.

***Family Support***

Defendant enjoys widespread support from his family. (See Attached Character Letters).

## CONCLUSION

Defendant prays for the mercy of this Court and asks for the lowest sentence allowed by law.

Respectfully Submitted,

O'Keefe Law, PLLC

Date: February 10, 2020

*/S/Patrick William O'Keefe*
Patrick William O'Keefe (P59324)
Attorney for Defendant